**Date of Original Judgment:** JULY 29, 2011
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court        ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

Restitution Hearing and Stipulation as to
Restitution Amount

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED**<br>**JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number - 1:10-20437-CR-MARTINEZ(s)-1 |
| **JEFFREY PHILLIPS** | USM Number: 83336-004<br><br>Counsel For Defendant: Michael Hursey<br>Counsel For The United States: Peter Forand<br>Court Reporter: Dawn Whitmarsh |

The defendant pleaded guilty to Count(s) 1 of the Superseding Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | conspiracy to commit bank fraud | December 2008 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining as to this defendant are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
July 29, 2011

_____
JOSE E. MARTINEZ
United States District Judge
October 19, 2011

DEFENDANT: JEFFREY PHILLIPS
CASE NUMBER: 1:10-20437-CR-MARTINEZ(s)-1

## IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **78 months,** as to Count One.

The Court makes the following recommendations to the Bureau of Prisons:

     This defendant shall be designated to a facility as close to South Florida as possible, consistent with defendants background and the offense in which the defendant is convicted of.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                      UNITED STATES MARSHAL

                                          By:_____
                                                          Deputy U.S. Marshal

DEFENDANT: JEFFREY PHILLIPS
CASE NUMBER: 1:10-20437-CR-MARTINEZ(s)-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JEFFREY PHILLIPS
CASE NUMBER: 1:10-20437-CR-MARTINEZ(s)-1

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Financial Disclosure Requirement -** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction -** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search -** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Self-Employment Restriction -** The defendant shall obtain prior written approval from the Court before entering into any self-employment.

Case 1:10-cr-20437-JEM Document 732 Entered on FLSD Docket 10/20/2011 Page 6 of 7
USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case
Page 6 of 7

DEFENDANT: JEFFREY PHILLIPS
CASE NUMBER: 1:10-20437-CR-MARTINEZ(s)-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $ | $5,099,996.25 |

Restitution with Imprisonment -
It is further ordered that the defendant shall pay restitution **joint and several with co-defendants** in the amount of **$5,099,996.25.**

During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order.
Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the Court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the Court any material change in the defendant's ability to pay. These payments do not preclude the government from using any other assets or income of the defendant to satisfy the restitution obligations. The restitution shall be payable to Clerk, United States Courts, and forwarded to:

U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 N. MIAMI AVENUE, RM 8N09
MIAMI, FL 33128

The restitution will be forwarded by the Clerk of the Court to the victims on the attached list.

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| See Stipulation as to Restitution Amount (DE.731) | $Amount of Loss | $5,099,996.25 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JEFFREY PHILLIPS
CASE NUMBER: 1:10-20437-CR-MARTINEZ(s)-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$100.00** due immediately, balance due

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **400 NORTH MIAMI AVENUE, ROOM 8N09**
    **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

    Joint and Several

Defendant and Co-Defendant Names and Case Numbers, Total Amount, Joint and Several Amount, and corresponding payee.

| Name | Case Number | Amount |
|---|---|---|
| Elsa Beltran | 10-20437-CR-Martinez | $568,740. |
| Jazelle Pierre | 10-20437-CR-Martinez | $875,681. |
| Salome Blair | 10-20437-CR-Martinez | $588,770. |
| Patricia Reid | 10-20437-CR-Martinez | $659,047. |
| Michelle Little | 10-20437-CR-Martinez | $693,667. |
| Andre Bailey | 10-20437-CR-Martinez | $392,404. |
| David Curbelo | 10-20437-CR-Martinez | $459,715. |
| Noelle Beechi | 10-20437-CR-Martinez | $672,129. |
| Jeffrey B. Kahn | 10-20437-CR-Martinez | $1,824.929. |
| Ashley Davidson | 10-20437-CR-Martinez | $4,343,832. |
| Steven Anderson | 10-20437-CR-Martinez | $2,330.886. |
| Kenneth Martinez | 10-20437-CR-Martinez | $1,028,455. |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.